**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BANK OF AMERICA, N.A., )
                                                      Plaintiff, )      Case No.: 2:16-cv-00582-GMN-NJK
           vs. )
                                                            )      **ORDER**
LAMPLIGHT VILLAGE AT CENTENNIAL )
SPRINGS HOMEOWNERS ASSOCIATION, )
*et al.*, )
                                    Defendants. )

Pending before the Court is the Motion to Dismiss, (ECF No. 38), filed by Defendant SFR Investments Pool 1, LLC ("SFR"). Plaintiff Bank of America, N.A. ("BANA") filed a Response, (ECF No. 39), and SFR filed a Reply, (ECF No. 40).

Also pending before the Court are the Motions for Summary Judgment, (ECF Nos. 58, 59), filed by BANA and SFR. BANA and SFR filed Responses to the Motions, (ECF Nos. 62, 65), as well as Replies in support of their respective Motions, (ECF Nos. 66, 67).

For the reasons discussed herein, SFR's Motion to Dismiss and Motion for Summary Judgment are **DENIED**, and BANA's Motion for Summary Judgment is **GRANTED**.

**I.    BACKGROUND**

This quiet title action arises from the foreclosure on real property located at 7617 Brilliant Forest Street, Las Vegas, Nevada 89131 (the "Property"). (*See* Compl. ¶ 7, ECF No. 1). In 2009, Frederick L. Gallegos Jr. ("Borrower") obtained a loan from Meridias Capital ("Meridias") in the amount of $199,863.00, secured by a deed of trust recorded on January 30, 2009. (*See* Deed of Trust, ECF No. 58-1). The deed of trust initially identified Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, solely as nominee for Medias. (*Id.*). BANA was later assigned all beneficial interest in the deed of trust following an

assignment and subsequent corporate merger. (*See* Assignment, ECF No. 58-2); (*see* Merger Certificate, ECF No. 58-3).

On April 16, 2010, upon Borrower's failure to stay current on his loan obligations, Lamplight Village at Centennial Springs Homeowners Association ("HOA") initiated foreclosure proceedings on the Property through its agent, Alessi & Koenig, LLC ("A&K"). (*See* Notice of Lien, ECF No. 58-4); (*see also* Notice of Default, ECF No. 58-6). On December 15, 2011, A&K recorded of notice of trustee's sale, and later a second notice of trustee's sale, scheduling a public auction to take place on September 5, 2012. (*See* Notices of Sale, ECF Nos. 58-7, 58-8).

On January 26, 2012, following the first notice of sale, BANA sent A&K a letter requesting the superpriority portion of HOA's lien and stating an intent to satisfy the balance. (*See* Accounting Request, Ex. 1 to Miles Bauer Aff., ECF No. 58-9). A&K responded to BANA's inquiry with a letter stating "the nine-month super-priority is not triggered until the beneficiary under the first deed of trust forecloses," and that unless "all past due obligations, plus collections costs and fees," are paid, the foreclosure would proceed. (A&K Resp. Letter, Ex. 2 to Miles Bauer Aff., ECF No. 58-9). A&K also responded with a payment history report for the Property, identifying the total amount owed. (*Id.*). Based upon these records, BANA calculated what it determined to be the HOA superpriority lien amount and sent A&K a check for $720.00, which A&K rejected. (*See* Tender Letter, Ex. 3 to Miles Bauer Aff., ECF No. 58-9); (*see also* Confirmation of Receipt, Ex. 4 to Miles Bauer Aff.).

A&K proceeded with foreclosure and sold the Property to HOA for $7,330.53 on September 5, 2012. (*See* Foreclosure Deed, ECF No. 58-10). HOA subsequently conveyed the Property to SFR by a quitclaim deed, recorded on March 6, 2013. (*See* Quitclaim Deed, ECF No. 58-13).

BANA filed the instant action on March 16, 2016, asserting the following causes of action arising from the HOA foreclosure and subsequent sales of the Property: (1) quiet title; (2) breach of NRS 116.1113; (3) wrongful foreclosure; and (4) injunctive relief. (*Id.* ¶¶ 32–85). SFR later filed a Motion to Dismiss, (ECF No. 38), and both BANA and SFR filed competing summary-judgment Motions with respect to BANA's claims, (ECF Nos. 58–59).

## II. <u>LEGAL STANDARD</u>

### A. Rule 12(b)(6)

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in a ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in a Ruling on a Rule 12(b)(6) motion to dismiss. *Branch v.*

*Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

### B. Rule 56(a)

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an

essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

### III. <u>DISCUSSION</u>

The Court first considers SFR's Motion to Dismiss, followed by the parties' competing Motions for Summary Judgment.

**A. Motion to Dismiss**

SFR moves to dismiss BANA's quiet title claim on the basis that it is barred by the applicable limitations period. (SFR's Mot. to Dismiss ("MTD") 5:23–10:10). SFR also contends that dismissal is warranted on BANA's declaratory relief claim, reasoning that declaratory relief is not a cognizable, independent cause of action. (*Id.* 10:12–27). Lastly, SFR argues that BANA's Complaint must be dismissed for failure to name Borrower as a party to this action. (*Id.* 11:1–12:21). The Court will address each argument in turn.

### *1) Statute of Limitations*

According to SFR, BANA's quiet title claim is time-barred by the applicable three-year limitations period under NRS 11.190(3)(a). (*Id.* 7:16–10:10). BANA responds that its quiet title cause of action is timely because it is subject to a five-year statute of limitations under either NRS 11.070 or NRS 11.080. (BANA's Resp. to MTD ("Resp.") 9:18–13:17, ECF No. 39).

The Court finds that BANA's quiet title claim is governed by the five-year limitations period set forth in NRS 11.070, which applies to a "cause of action or defense to an action, founded upon title to real property." NRS 11.070. A quiet title claim is reciprocal in nature as it "requests a judicial determination of all adverse claims to disputed property." *Del Webb Conservation Holding Corp. v. Tolman*, 44 F.Supp.2d 1105, 1110 (D. Nev. 1999) (citing *Clay v. Scheeline Banking & Trust Co.*, 159 P. 1081, 1082–83 (Nev. 1916)).

The adverse claims here are between BANA, a lienholder, and SFR, a titleholder. The essence of BANA's requested relief, a declaration as to the viability of the deed of trust, is necessarily a challenge to SFR's interest. *See Clay*, 159 P. at 1082 ("[O]ne of the essentials of a good complaint in such an action is that [the plaintiff] must show that the defendants claim an interest in the property adverse to the plaintiffs."). Indeed, should BANA obtain its requested remedy of invalidating the foreclosure sale, SFR would be divested of its title. Because the

Court must adjudicate the competing interests here, including the asserted title interest, the action is founded upon title.[1]

Under NRS 11.070, the five-year limitations period is triggered at the time "the person prosecuting the action or making the defense . . . or the ancestor, predecessor, or grantor of such person, was seized or possessed of the premises . . . ." Thus, the limitations period in this case accrued at the time Borrower, as grantor of the deed of trust, was "seized or possessed" of the premises. *See* NRS 107.410 ("'Borrower' means a natural person who is a mortgagor or grantor of a deed of trust under a residential mortgage loan."). Because the Complaint in this action was filed less than five years after the September 5, 2012 foreclosure sale, BANA's quiet title claim is timely. (*See* Compl., ECF No. 1) (filed March 16, 2016).

### 2) *Declaratory Relief*

Next, SFR argues that BANA's claim for declaratory relief is subject to dismissal because it is not a cognizable cause of action. (MTD 10:12–18). Alternatively, SFR continues, the declaratory relief claim is time-barred because the claim is, in substance, one for wrongful foreclosure or liability arising from statute. (*Id.* 10:19–27).

The Court generally agrees with SFR that declaratory relief is a remedy rather than a stand-alone cause of action. *See Deutsche Bank Nat'l Tr. Co. v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-02638-GMN-GWF, 2019 WL 1446956, at *2 n.2 (D. Nev. Mar. 31, 2019). Such a claim may be subject to dismissal to the extent it is brought as a claim unto itself. *See, e.g.*, *Fed.*

---

[1] The Nevada Supreme Court has yet to weigh in on which limitations period applies to a lienholder's quiet title claim. Consequently, there is an intra-District split as to whether lienholders have four or five years to bring quiet title actions. To the extent there is any ambiguity as to NRS 11.070, the Court finds application of that statute's longer limitations period aligns with Ninth Circuit's guidance on conflicting statutes of limitations. *See Fed. Deposit Ins. Corp. v. Former Officers & Directors of Metro. Bank*, 884 F.2d 1304, 1307 (9th Cir. 1989) ("[W]hen there is a 'substantial question' which of two conflicting statutes of limitations to apply, the court should apply the longer.") (quoting *Guam Scottish Rite Bodies v. Flores*, 486 F.2d 748, 750 (9th Cir. 1973) (applying longer statute of limitations when a claim had features of both an action in trespass and an action in ejectment)).

*Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No. 2:18-cv-001584-GMN-GWF, 2019 WL 2176918, at *3 (D. Nev. May 20, 2019); *Freeto v. Litton Loan Servicing LP*, No. 3:09-cv-00754-LRH, 2011 WL 112183, at *3 (D. Nev. Jan. 12, 2011). Contrary to SFR's argument, however, BANA's Complaint links the request for declaratory relief with its quiet title claim. For this reason, the prayer for declaratory relief is both properly before the Court and timely under the five-year limitations period governing the quiet title claim. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir. 1993) ("[I]f a claim for declaratory relief could have been resolved through another form of action which has a specific limitations period, the specific period of time will govern.") (internal citation and quotation marks omitted).

### *3) Failure to Join a Necessary Party*

Finally, SFR moves for dismissal of this action on the basis that BANA failed to join Borrower as a necessary party to this action. (MTD 11:1–12:2). SFR reasons that if the Court were to grant BANA relief in the form of setting aside the foreclosure sale, Borrower's title interest will be impacted by such a determination. (*Id.* 12:15–21). BANA responds that SFR's argument fails to sufficiently articulate reasons that Borrower is necessary to this case. (Resp. 13:19–14:2, ECF No. 39). Regardless, BANA continues, Borrower is not necessary because BANA may be accorded complete relief without impacting Borrower's interest in the Property. (*Id.* 14:3–16:5).

Under Federal Rule of Civil Procedure 19(a), a "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B). If such a person "has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).

As discussed above, *see supra* Section III.A, BANA requests two alternative forms of relief on its quiet title claim—either an order declaring SFR purchased the Property subject to BANA's deed of trust or an order declaring the foreclosure sale invalid. (*See* Compl. 15:14–18). Because the latter avenue of relief would reinstate Borrower as owner of the Property, Borrower would be a necessary party in the event BANA obtains this relief. Nevertheless, as addressed below, the Court grants BANA summary judgment on the quiet title claim and awards BANA relief in the form of a declaration that its first deed of trust continues to encumber the Property. Because this remedy does not implicate Borrower's interests in the Property, Borrower is not a necessary party to this action.

### B. Summary-Judgment Motions

BANA argues that it is entitled to summary judgment on its quiet title claim because its tender of $720.00 to A&K prior to the foreclosure sale discharged the HOA superpriority lien and protected BANA's status as holder of the first deed of trust. (BANA's Mot. Summ. J. ("MSJ") 5:10–8:14, ECF No. 58). To the extent its tender was insufficient, BANA contends that A&K's representations demonstrate tender would have been futile, thus excusing the obligation to satisfy the HOA superpriority lien. (*Id.* 8:16–12:12). Finally, BANA asserts that the Property's grossly inadequate sale price, coupled with other irregularities in the foreclosure process, render the foreclosure sufficiently unfair to warrant setting aside the sale on equitable grounds. (*Id.* 12:13–14:16).

SFR seeks summary judgment on BANA's quiet title claim on the basis that BANA cannot rebut the presumption that the foreclosure sale complied with NRS Chapter 116, thus appropriately extinguishing the deed of trust. (SFR's MSJ 19:1–20:14, ECF No. 59). SFR further avers that BANA's purported tender payment was of no legal effect because the amount offered was insufficient to satisfy the superpriority component of HOA's lien. (*Id.* 5:12–7:10).

SFR also raises evidentiary objections to BANA's attached exhibits establishing the facts underlying BANA's alleged tender. (*Id.*).

### *1) Tender of the Superpriority Component of HOA's Lien*

Under NRS 116.31166, the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 414 (Nev. 2014). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *Id.* at 411; *Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 373 P.3d 66, 70–74 (Nev. 2016). "[A] first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). In addition to full tender of the superpriority amount, "valid tender must be unconditional, or with conditions on which the tendering party has a right to insist." *Id.*

Here, BANA points to evidence indicating that at the time of A&K's recordation of the notice of delinquent assessment lien, the HOA monthly common assessments were $101.50. (A&K's 30(b)(6) Dep. 17:23–18:1, 21:18–21, ECF No. 59-3). HOA's financial transactions ledger shows that upon A&K's initiation of foreclosure in April 2010, Borrower was delinquent on paying four months' worth of common assessments. (HOA Financial Transactions Ledger, ECF No. 58-5). Additionally, the ledger demonstrates that HOA had not assessed any maintenance or nuisance abatement charges at the time of BANA's payment. (*Id.*). Thus, the HOA superpriority lien was limited to four months of unpaid $101.50 assessments, totaling $406.00. Finally, BANA has introduced evidence that it sent A&K a check for $720.00, which A&K refused to accept. (*See* Tender Letter, Ex. 3 to Miles Bauer Aff., ECF No. 58-9); (*see also* Confirmation of Receipt, Ex. 4 to Miles Bauer Aff.). Consequently, because BANA's payment

was more than enough to satisfy HOA's superpriority lien, BANA's attempted payment cured the default as to that portion of HOA's lien.

SFR, for its part, fails to put forth evidence creating a genuine issue of fact as to these points. SFR contends BANA has failed to satisfy its burden of showing "there were no amounts due for the abatement piece of the lien." (SFR's Resp. 11:20–23, ECF No. 62). As noted above, the HOA ledger is silent as to maintenance or nuisance-abatement costs, and BANA may properly rely on the absence of such charges in calculating the superpriority amount of the HOA lien. *Bank of Am.*, 427 P.3d at 118. SFR also cites to A&K's 30(b)(6) deposition to demonstrate an issue of fact as to the amount of BANA's tender. (SFR's Resp. 11:14–15) (citing A&K's 30(b)(6) Dep. 17:13–19:2). The deposition, however, merely confirms the value of nine months' worth of common assessments; it does not say BANA's tender was insufficient, as SFR claims. (A&K's 30(b)(6) Dep. 18:15–20).

Finally, SFR contends BANA's evidence of tender runs afoul of the Federal Rules of Evidence. According to SFR, the HOA ledger is unauthenticated, lacks foundation, and contains hearsay, rendering the ledger inadmissible. (SFR's Resp. 11:3–12). SFR also objects to BANA's introduction of the written correspondence exchanged with A&K, which SFR asserts is inadmissible because they are not attested to by a custodian of records. (*Id.* 13:15–14:8). These contentions are without merit.

Contrary to the premise underpinning SFR's objections, evidence presented at the summary-judgment stage need only be admissible in substance, not form. *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."). The Court is satisfied that the evidence presented, to the extent not presently admissible, can be introduced at trial consistent with the Federal Rules of Evidence. Indeed, the substance of the evidence upon which BANA relies is corroborated by A&K's 30(b)(6)

designee. (*See* A&K's 30(b)(6) Dep. 17:23–18:1, 18:18–20, 20:14–18) (testifying to the contents of HOA's financial transactions ledger, confirming the amount of HOA's monthly assessments and Borrower's four-month delinquency, and acknowledging receipt of BANA's check for $720). The Court, accordingly, rejects SFR's evidentiary contentions.

In sum, there is no genuine issue of material fact that BANA's tender of $720 exceeded the HOA superpriority lien. As such, the legal impact of BANA's tender was the satisfaction of the superpriority portion of HOA's lien. Therefore, HOA's foreclosure sale was invalid to the extent is caused the extinguishment of BANA's first deed of trust. While the sale remains intact, BANA's deed of trust continues to encumber the Property and SFR's interest is subject to this encumbrance. In light of this holding, SFR cannot prevail even if the Court were to find it was a bona fide purchaser for value. *See Bank of Am.*, 427 P.3d at 121 ("Because a trustee has no power to convey an interest in land securing a note or other obligation that is not in default, a purchaser at a foreclosure sale of that lien does not acquire title to that property interest."). Accordingly, BANA's Motion for Summary Judgment is granted with respect to its quiet title claim; SFR's Motion as to the same is denied.

And because the Court limits BANA's quiet title remedy to a declaration that the deed of trust continues to encumber the Property, there is no relief the Court can grant BANA with respect to HOA and A&K. While neither HOA nor A&K have moved for summary judgment or responded to the present Motions, the Court *sua sponte* grants summary judgment in their favor on the quiet title claim. *See Voggenthaler v. Md. Square LLC*, 724 F.3d 1050, 1066 (9th Cir. 2013) ("A district court may sua sponte . . . . enter summary judgment against a party that has moved for summary judgment when the court determines the moving party cannot prove its case at trial."); *see also Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014); *Bank of Am., N.A. v. Peccole Ranch Cmty. Ass'n*, No. 2:16-cv-00660-MMD-CWH, 2019 WL 1284095, at *4 (D. Nev. Mar. 19, 2019).

### 2) *BANA's Remaining Claims for Breach of NRS 116.1113, Wrongful Foreclosure, and Injunctive Relief*

In its prayer for relief, BANA primarily seeks an "order declaring that SFR purchased the property subject to BANA's senior deed of trust." (*See* Compl. 15:14–16). The other relief requested—with the exception of injunctive relief—is phrased in the alternative. (*See id.* 15:18–20). Therefore, because the Court grants BANA summary judgment on its quiet title claim, BANA has received the relief it requested. Accordingly, the Court dismisses BANA's second and third causes of action for breach of NRS 116.1113 and wrongful foreclosure, respectively. With regard to BANA's request for a preliminary injunction pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of summary judgment for BANA moots this claim, and it is therefore dismissed.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that BANA's Motion for Summary Judgment, (ECF No. 58), is **GRANTED** consistent with the foregoing.

**IT IS FURTHER ORDERED** that SFR's Motion for Summary Judgment, (ECF No. 59), is **DENIED**.

**IT IS FURTHER ORDERED** that SFR's Motion to Dismiss, (ECF No. 38), is **DENIED**.

The Clerk of Court is instructed to enter judgment in favor of BANA and against SFR on their respective quiet title claims, and in favor of HOA and A&K on BANA's claims asserted against them. The Clerk is further directed to close this case.

**DATED** this __26__ day of August, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge